UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAREN B.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C18-5438 BAT

**ORDER REVERSING THE COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's decision finding her not disabled. The ALJ found cervical degenerative disc disease with radiculopathy, lumbar degenerative disc disease with sciatica, hip dysplasia, major depressive disorder, personality disorder and social phobia are severe impairments; plaintiff retains the residual functional capacity (RFC) to perform light work subject to additional limitations; and plaintiff cannot perform past relevant work but is not disabled because she can perform other jobs in the national economy. Tr. 22-33.

Plaintiff contends the ALJ misevaluated the opinions of Terri Wingate, Ph.D., Melinda Losee, Ph.D., and Justin Taylor M.D., and her testimony, and that the ALJ's steps two and three and RFC determinations are thus erroneous. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

**A.     Medical Opinions**

Plaintiff contends the ALJ misevaluated the opinions of Terri Wingate, Ph.D., Melinda Losee, Ph.D., and Justin Taylor M.D. The ALJ must provide clear and convincing reasons to reject an uncontradicted medical opinion, or specific and legitimate reasons where contradicted. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). The ALJ must do more than offer her conclusions; she must also explain why her interpretation, rather than the doctor's interpretation, is correct. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

   *1.     Dr. Wingate*

The ALJ rejected Dr. Wingate's opinion plaintiff has "multiple moderate and marked functional limitations," for three reasons. Tr. 29. The ALJ rejected the limitations as inconsistent with the doctor's mental status examination (MSE) findings. The ALJ correctly notes many of the MSE findings are within normal range, but that correlates with Dr. Wingate's finding plaintiff had no functional limitations in eight of thirteen categories. However, the ALJ's analysis does not account for Dr. Wingate's MSE finding that plaintiff's judgment in not within normal limits, or the standardized tests Dr. Wingate administered indicating plaintiff's depression is "severe," and her anxiety is "moderate." Tr. 407. The ALJ's finding is not supported by substantial evidence.

Next, the ALJ rejected Dr. Wingate's opinion as inconsistent with plaintiff's treatment notes, specifically noting Dr. Kadyrova indicated plaintiff presented as normal. Tr. 29. Plaintiff contends this inaccurately represents the record, arguing the record contains findings supportive of Dr. Wingate's opinion. Dkt. 12 at 10. But the portions of the record plaintiff points to do not contain no information about plaintiff's mental health, or only provide general information about

her mental health diagnosis. They do not, accordingly, show the ALJ unreasonably found Dr. Wingate's examination findings are inconsistent with plaintiff's treatment records. The Court also notes the Commissioner points to other parts of the medical record that are consistent with and thus reasonably supports the ALJ's conclusion. The Court therefore affirms the ALJ's rationale.

And finally, the ALJ discounted Dr. Wingate's opinion because the doctor "noted the claimant's symptoms were treatable, and only opined she had functional limitations for six to twelve months. Tr. 30. Plaintiff contends this is an invalid reason because there is evidence showing her mental limitations persisted for more than 12 months. The argument sidesteps the ALJ's rationale. A claimant is disabled if she cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A) ). Hence, it is not unreasonable for the ALJ to reject Dr. Wingate's functional limitations because the doctor himself opined the limitations would last for less than 12 months.

In sum, because the ALJ gave at least one valid reason supported by substantial evidence to discount Dr. Wingate's opinions the court affirms the ALJ's determination; the ALJ's inclusion of an invalid reason is harmless. *See e.g. Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

### *2. Dr. Losee*

The ALJ rejected examining doctor Losee's opinion that plaintiff is moderately or markedly limited in the ability to interact appropriately with the public, supervisors, co-workers,

and cannot respond to changes in the workplace. Tr. 522. Dr. Losee supported her opinion based upon her observation that plaintiff exhibited:

> signs of severe depression, including withdrawal, psychomotor slowing, flat affect, tearfulness, reduced facial expressiveness, self-report of severe isolation, even family and avoidance of most public contact.

*Id.* The ALJ rejected the opinion as inconsistent with plaintiff's medical treatment notes, citing records of Drs. Phillips and Kadyrova in support. Tr. 30. Plaintiff argues she never made the statements recorded in her medical records. The Court cannot accept the argument. Plaintiff's claim, alone, cannot be a basis to rewrite the medical record; otherwise claimants could always reject portions of the medical record the claimant can't recall or disagrees with—an invitation to impermissibly cherry-pick evidence.

Plaintiff also argues, as she did with Dr. Wingate, that the ALJ's omits other portions of the treatment record that support Dr. Losee's opinions. But the portions of the record plaintiff points to do not support the argument, and the Court accordingly cannot say it was unreasonable for the ALJ to discount Dr. Losee's opinion on this basis. The ALJ also rejected Dr. Losee's opinion on the ground plaintiff had the incentive to, and did overstate her limitations. The Court need not resolve this ground because even assuming the ALJ erred in making the determination, the error is harmless. The Court accordingly affirms the ALJ's assessment of Dr. Losee's opinion.

### 3. Dr. Taylor

In 2016, Dr. Taylor performed a physical evaluation of plaintiff. Tr. 525. The ALJ gave some weight to the doctor's opinions but rejected the opinion that plaintiff was "limited to 2 hours standing and walking," as inconsistent with the "recorded objective findings." Tr, 29. The Commissioner argues this is a valid reason because Dr. Taylor found plaintiff had normal

strength in the lower extremities and normal gait. Dkt. 13 at 12. The Commissioner also argues the ALJ correctly rejected Dr. Taylor's finding of hip pain on the left side because it is contrary to Dr. Gaffield's 2013 finding of hip pain on the right, not left side.

Substantial evidence does not support the ALJ's rejection of Dr. Taylor's standing and walking limitations. Dr. Taylor did not opine plaintiff's standing or walking limitations were caused by hip problems or weakness in the lower extremities. Rather, he stated "maximum standing and walking capacity: less than two hours. Patient is limited due to degenerative joint disease of the spine and worsening symptoms with extended standing/walking." Tr. 528. The doctor's findings about plaintiff's hips and lower extremity thus do not contradict the doctor's opinion that plaintiff's standing and walking limitations are caused by her spine disease.

The ALJ also noted Taylor's provided insufficient range of motion measurements. Tr. 29. However, it does not appear the ALJ actually has much quarrel with Dr. Taylor's range of motion assessment. As with the ALJ, Dr. Taylor found plaintiff had few postural or manipulative limitations other than she should not climb, can occasionally crouch and crawl, and can occasionally reach on the right. He stated "otherwise no limitations." Tr. 529. The ALJ found plaintiff was limited to "occasionally reach overhead, Tr. 25, and found plaintiff could perform jobs as a marker, garment sorter, or mail sorter, which are jobs consistent with Dr. Taylor's opinion about postural and manipulative limitations.

In sum, the ALJ's rationale for rejecting Dr. Taylor's standing and walking limitations is not supported by substantial evidence. The ALJ did not account for this limitation in determining plaintiff's RFC and accordingly harmfully erred.

**B.     Plaintiff's Testimony**

To reject a claimant's testimony, an ALJ must provide "specific, cogent reasons" and, absent affirmative evidence of malingering, must reject a claimant's testimony for "clear and convincing" reasons. *Morgan v. Commissioner of SSA*, 169 F.3d 595, 599 (9th Cir. 1999); *see Carmickle v. Commissioner, SSA*, 533 F.3d 1155, 1160 (9th Cir. 2008).[1] The ALJ found plaintiff's testimony about her physical limitations was inconsistent with the medical record. Plaintiff indicated she could not stand for more than 15 minutes and could not lift her hands over her head. Tr. 25. The ALJ found plaintiff's testimony was contradicted by Dr. Taylor's opinion which found plaintiff could stand for a longer period of time, had no lower extremity or hand strength deficits and far greater arm range of motion than plaintiff asserted. Tr. 30-31. This is a valid basis to discount plaintiff's testimony and a basis the record reasonably supports. The Court accordingly affirms the ALJ's determination. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (ALJ may discount claimant's testimony based upon inconsistencies between her testimony and medical evidence).

The ALJ also discounted plaintiff's testimony as inconsistent with the medical record noting when plaintiff saw her primary care doctor, Dr. Phillips, she denied symptoms of depression; and when plaintiff was seen by Dr. Kadroyva she was found to have normal mood, affect and behavior. As noted above, the ALJ may properly discount a claimant's testimony on the grounds it is contradicted by evidence in the medical record.

The Court accordingly affirms the ALJ's rejection of plaintiff's testimony about the severity of her limitations.

---

[1] In *Carmickle*, the Ninth Circuit rejected the proposition that there had to be a specific *finding* of malingering; rather, it was sufficient that there be *affirmative evidence* suggesting malingering. *See Carmickle*, 533 F.3d at 1160 n.1.

C.  **Step Three Determination**

Plaintiff contends the ALJ erred in finding her mental conditions did not meet the requirements of a Listed Impairment. Dkt. 12 at 2. In specific, plaintiff argues the opinions of Drs. Wingate and Losee "shows that Plaintiff has marked limitations in social functioning and activities of daily living," and therefore meet the requirements of Listing 12.04 or 12.05. The argument is foreclosed because as discussed above, the ALJ gave valid reasons supported by substantial evidence to reject the doctors' opinions.

**CONCLUSION**

Where the ALJ harmfully errs, the Court has the discretion to remand a case for an award of benefits or for further proceedings. The court should ask if further proceedings would be useful, whether the record is free from conflicts, ambiguities, or gaps, and whether all factual issues have been resolved. Here, the weight to be given Dr. Taylor's opinions is yet to be resolved and the Court accordingly finds it appropriate to **REVERSE** the Commissioner's final decision and **REMAND** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

As noted above, the Court affirms the ALJ's assessment of plaintiff's testimony and the opinions of Drs. Wingate and Losee. On remand, the ALJ shall reassess Dr. Taylor's opinion, develop the record regarding plaintiff's physical limitations, and reassess her physical RFC as appropriate, and proceed to the remaining steps as needed.

DATED this 23rd day of October, 2018.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge